(11 App. Div. 108.)

PEOPLE ex rel. SMITH v. BOARD OF TRUSTEES OF VILLAGE OF HAVERSTRAW.

(Supreme Court, Appellate Division, Second Department. December 31, 1896.)

1. CERTIORARI—REVIEWING ACTION OF VILLAGE TRUSTEES.
    Certiorari will not lie to review the action of the village trustees, refusing to pay a bill for the services of a member of the board of health, on the ground that no appropriation had been made for such payment (Laws 1895, c. 430, § 1), since their action was not a decision as to his right to compensation under section 2 of the statute, which provides that the members of such

board of health shall be entitled to "such fair and reasonable compensation as shall be fixed by the board of trustees," but was merely a refusal to exercise their judgment at all.

2. OFFICERS—RIGHT TO COMPENSATION.

A member of a board of health does not accept his appointment without compensation where there was a statute at the time (Laws 1895, c. 430, § 1) authorizing village trustees to make an annual appropriation to pay the members of the board of health for their services, though no appropriation had been made at the time the appointment was accepted.

Certiorari by Jacob V. Smith to review the proceedings of the board of trustees of the village of Haverstraw in relation to the claim of relator for compensation as a member of the board of health of said village. Dismissed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

William McCauley, Jr., for relator.
Alonzo Wheeler, for respondents.

WILLARD BARTLETT, J. The relator was a member of the board of health of the village of Haverstraw from the 7th day of May, 1895, to the 1st day of May, 1896, and between those dates rendered services, as such member, which he claims were reasonably worth the sum of $100. During this entire period there was in force chapter 430 of the Laws of 1895, entitled "An act to provide compensation for the members of boards of health in incorporated villages." That statute, in express terms, by its first section, authorizes and empowers the boards of trustees of the several villages of this state to appropriate annually a sum not exceeding $500, for the payment of a fair and just compensation for their services to the members of boards of health in incorporated villages. By its second section, the act provides that the members of such boards of health "shall be entitled to receive for the services rendered by them such fair and reasonable compensation as shall be fixed by the board of trustees." No appropriation has ever been made for the payment of any compensation to the relator or his fellow members of the board of health for the year ending May 1, 1896. An appropriation of $500 is mentioned in the papers as having been made by the board of trustees prior to the village election in March, 1896; but that apparently related only to the future, and not at all to Mr. Smith and his associates in the outgoing health board. Nor have the village trustees ever fixed any sum as the fair and reasonable compensation of these gentlemen, for their services as members of the board of health, under the second section of the act of 1895. On the 11th day of May, 1896, the relator presented to the board of trustees of the village of Haverstraw an itemized bill for services as a member of the village board of health on 50 different days in the year, ending on the 1st day of that month. The aggregate amount of the items was $100. The bill was referred to the finance committee of the board, which reported that, inasmuch as the members of the board of health accepted their appointment under the law without compensation, the trustees were not warranted in paying the same. The full board accepted the report of the

finance committee, and directed the bill to be returned to the relator, which was done. The relator then sued out the present writ of certiorari.

We are of the opinion that he has mistaken his remedy. The board of trustees really made no decision or determination such as it is the office of a writ of certiorari to review. They did not pass upon the fairness or reasonableness of the amount claimed by the relator. The single sentence in their return, declaring that they "also believed that the claims were excessive," does not affect its general tenor, which plainly shows that the board refused to audit the relator's bill for want of legal power, as they supposed, to do so. In other words, by voting not to pay it, they really declined to exercise their judgment at all in reference to the items on the aggregate claim, and so declined to fix the relator's fair and reasonable compensation, as required by the act of 1895. For this nonaction on their part, the appropriate remedy would seem to be a proceeding by mandamus.

The statute declaring that the members of village boards of health shall be entitled to such fair and reasonable compensation as the board of trustees shall fix went into effect before the beginning of the relator's term of office, in May, 1895. Consequently there is no good reason for saying that he accepted the appointment without compensation, unless it is necessary that an appropriation to pay a member of the board of health, under the first section of the act of 1895, must always be made before his services are rendered. Such a construction, however, does not seem to be required. It might well happen that, in the work done by a village board of health, the value of the services could be judged much more accurately after they were performed than in advance of their rendition; and in such cases we can see no valid objection to paying for them by means of an express appropriation subsequently made. But, as has already been intimated, the appropriation made in March, 1896, appears to have been wholly of a prospective character, and is, therefore, not available to the relator. Before he can be paid he must have his compensation fixed by the village trustees, and an appropriation made expressly for its payment.

The writ of certiorari should be dismissed, but without costs, and without prejudice to such other proceedings as the relator may be advised to institute. All concur.