necessary to determine the method of appointment, and such a classification is no more a judicial determination than is the designation of the officer by the appointing power under the provisions of the statute. At common law or under the Code of Civil Procedure a writ of certiorari is only allowed where the object sought is to review a judgment or a judicial determination of an inferior tribunal, or of an officer acting under statutory authority exercising judicial power. "The writ lies only to inferior courts and officers exercising judicial powers, affecting the property or rights of the citizen." People v. Walter, 68 N. Y. 403; People v. Board of Com'rs of Public Parks, 97 N. Y. 37; People v. Board of Health, 140 N. Y. 1, 35 N. E. 320, 37 Am. St. Rep. 522; People v. Board of Sup'rs of Queens County, 131 N. Y. 468, 30 N. E. 488. In the latter case the court say:

"The writ of certiorari is appropriate only to review the judicial action of inferior courts or of public officers or bodies exercising under the laws judicial functions, and there is no authority to be found in the Reports of this state sanctioning its use for any other purpose. When the action of a public officer or of a public body is merely legislative, executive, or administrative, although it may involve the exercise of discretion, it cannot be reviewed by certiorari."

The civil service act (section 27) authorizes a taxpayer to bring an action to restrain the payment of compensation to any person appointed to or holding any office, place, or appointment in violation of the provisions of the act; and, in case of the appointment of any officer in violation thereof, that would seem to be the proper remedy.

It follows that the action of neither the municipal nor the state board of civil service commissioners can be reviewed in this proceeding, and that the writ should be dismissed, with costs. All concur.

---

PEOPLE ex rel. SMART v. BOARD OF SUP'RS OF WASHINGTON COUNTY.

(Supreme Court, Appellate Division, Third Department. November 13, 1901.)

1. OFFICERS—COUNTIES—COUNTY CHARGES—CHARGES AGAINST OFFICER.

Laws 1892, c. 686, § 230, subd. 16, specifies as county charges the reasonable costs and expenses in proceedings before the governor for the removal of any county officer on charges preferred against him. *Held*, that where, on mandamus to compel a county board of supervisors to audit relator's claim for expenses incurred in preferring charges before the governor against the sheriff for malfeasance in office, the alternative writ was dismissed at the opening of the trial, it would be presumed on appeal that respondents had failed to properly audit the claim, as charged in the writ, so as to sustain mandamus to compel an audit, rather than certiorari to review an erroneous audit as the proper remedy.

2. MANDAMUS—AUDIT.

Laws 1892, c. 686, § 230, subd. 16, specifies as county charges the reasonable costs and expenses in proceedings before the governor for the removal of any county officer on charges preferred against him. *Held*, where one who had preferred charges against the sheriff of a county before the governor on the ground of the sheriff's malfeasance in office presented a claim for his expenses to the board of supervisors, who re-

jected the same on the ground that the county was not liable for such expenses, that mandamus would lie to compel the audit.

**3. PARTIES—TAXPAYERS' LEAGUE.**

Laws 1892, c. 686, § 230, subd. 16, specifies as county charges the reasonable costs and expenses in proceedings before the governor for the removal of any county officer on charges preferred against him. *Held* that, where an association known as a "taxpayers' league" preferred charges against a sheriff before the governor for malfeasance in office, it was proper that the claim for the expenses should be made by the league, instead of by its president individually, or by the attorney employed, notwithstanding the fact that the president appeared as an individual complainant before the governor.

**4. SAME—UNINCORPORATED ASSOCIATION.**

The fact that the association was not incorporated was no objection to its claim.

**5. STATUTES—CHARGES AGAINST OFFICER—PRESENTATION BY INDIVIDUAL.**

The statute does not mean that the right to reimbursement by the county is limited to counsel. employed by the governor or employed by the attorney general, and hence the expenses of a taxpayers' association in preferring charges against the sheriff before the governor were county charges.

**6. PROBABLE CAUSE—EVIDENCE—SUFFICIENCY.**

Where charges are preferred before the governor against a sheriff for malfeasance in office, and subsequently he resigns, and is thereafter convicted on the same charges which were preferred, such facts indicate prima facie a probable cause for the preferring of the charges.

Appeal from special term, Washington county.

Mandamus by the people, on the relation of John G. Smart, as president of the Taxpayers' League of Washington County, against the board of supervisors of Washington county, to compel them to audit the claim of the league for charges and expenses incurred in proceedings before the governor for the removal of the sheriff of Washington county on charges preferred. From a judgment dismissing the alternative writ, relator appeals. Reversed.

The relief sought by the relator was a writ of mandamus to compel the board of supervisors to audit the claim of the relator for expenses claimed to have been incurred in a proceeding before the governor for the removal of the sheriff of Washington county upon charges preferred. The claim is made under section 230, subd. 16, c. 686, of the Laws of 1892, which specifies as county charges "the reasonable costs and expenses in proceedings before the governor for the removal of any county officer upon charges preferred against him, including the taking and printing of the testimony therein."

The relator, John G. Smart, claims to be the president of the Taxpayers' League of the County of Washington, an unincorporated association consisting of more than seven members. Among the objects of this association was the examination of bills of county officials of the county of Washington, and, if such bills were found to be fraudulent, then to cause proper legal action to be taken for the removal of such officials from office. In 1898 and 1899 two bills were presented by John M. Hulett, the sheriff of Washington county, the first for over $8,000, and the second for over $10,000, both of which bills were audited by the board of supervisors of said county at the full amount claimed. These bills were claimed to be fraudulent, and in March, 1900, the relator preferred written charges against said Hulett, as said sheriff, before the governor, accusing the said Hulett of malfeasance, misfeasance, and nonfeasance in the discharge of the duties of the office of sheriff, and for violation of the laws of the state relating to public officers and public offices, and with the violation of his duty as prescribed by chapter 117 of the Laws of 1897, in that he had knowingly and corruptly presented false and fraudulent accounts to the board of supervisors in 1898 and

1899 for audit and allowance, and that said accounts were accompanied by false and fraudulent vouchers, and that the said Hulett kept untrue, dishonest, and false books of account for the purpose of obtaining the audit of false and fraudulent accounts. The charges were entertained by the governor, and a copy served upon Hulett, who filed a verified answer generally denying all allegations of misconduct alleged against him. He also demanded a bill of particulars, and the governor thereupon directed a bill of particulars to be furnished. On the 24th of May a bill of particulars was furnished which set forth 24 items alleged to be false and fraudulent, and thereafter a bill of particulars was furnished specifying 300 items as false and fraudulent. On or about the 7th of June, 1900, the attorney general was directed to take charge of the said prosecution. He thereupon notified the complainant that he must be prepared to substantiate the charges. The governor appointed a commissioner to take the evidence, and the 10th day of July had been designated as the time for the hearing. Upon the 7th day of July, three days before the time of the hearing, the sheriff resigned his office, and consequently no hearing was had upon the 10th day of July. After the sheriff's resignation he was indicted by the grand jury of Washington county for a part of the same offense set forth in the charges against him before the governor. Two indictments were found, to each of which he pleaded guilty, and upon conviction was fined $1,000. He also made restitution to the county of Washington in the sum of $5,000. Thereafter the relator presented to the board of supervisors a bill amounting to $373.09 for expenses which had been incurred by the Taxpayers' League in said prosecution. That bill was rejected. To compel the audit of that bill the writ of mandamus was sought in this proceeding.

Upon an affidavit reciting substantially the foregoing facts, application was made for a peremptory writ. Upon that application the board of supervisors presented an affidavit which contained denials of some of the allegations in the moving affidavits. Thereupon an alternative writ was ordered. To that writ return was duly made by the board of supervisors. In that return there was a general denial pleaded, and an allegation that the said account was rejected upon the merits. Upon the coming on for trial of the issue made by the alternative writ and the return, the respondents here moved to dismiss the writ. This motion was granted by the trial judge upon the ground, as stated, that the provision of the statute under which this relief was sought was intended to provide only for such expenses as before the passage of the act were properly chargeable against the state, and, inasmuch as the relator had not been formally retained by the attorney general, he could have no claim against the state, and therefore had no claim against the county under the statute invoked. From this decision the relator has appealed to this court.

Argued before PARKER, P. J., and SMITH, KELLOGG, EDWARDS, and CHASE, JJ.

R. O. Bascom, for appellant.
Fred A. Bratt, for respondents.

SMITH, J. The final order appealed from is sought to be sustained, first, upon the ground that the relator has mistaken his remedy. In the return it is alleged that the claim was considered and dismissed upon its merits. It is undoubtedly true, if upon fair judicial investigation the board of supervisors had determined that the moneys claimed were not expended by the relator in the prosecution of these charges before the governor, the respondents would have audited the relator's claim, and the relator's remedy for an erroneous audit is by certiorari, and not by mandamus. Upon the papers presented, however, it is apparent that upon a writ of certiorari no such investigation would appear as would present

aught for review, and the relator would be sent back to his application for a writ of mandamus, as in the case of People v. Board of Trustees of Village of Haverstraw, reported in 11 App. Div. 108, 43 N. Y. Supp. 135. The real ground upon which the bill was as a whole rejected appears to have been the rejected claim of county liability for the expenses thus incurred, and it was thus considered by the trial judge in making his determination. If a legal audit had been made, it was for the respondents to show in defense upon the trial; and, in reviewing a dismissal of the alternative writ at the opening of the trial, the relator is entitled to the presumption that the respondents have failed properly to audit the said claim as charged in the writ.

Nor do we agree with the respondents in their contention that a rejection of said claim on the ground of nonliability is a judicial determination which can only be reviewed upon a writ of certiorari. In People v. Board of Sup'rs of Hamilton Co., reported in 56 Hun, 459, 10 N. Y. Supp. 88, it was held that the rejection of a claim upon the ground of nonliability might be reviewed either by a writ of certiorari or by mandamus, as the action of the board was not only judicial, but a refusal to perform a duty in respect to the payment of a claim which could be enforced by mandamus. This determination was affirmed by the court of appeals in 127 N. Y., at page 654, 27 N. E. 857, upon the opinion delivered at the general term. This application, in form, seems to be authorized by the case of People v. Board of Sup'rs of Queens Co., 39 Hun, 442.

Nor do we agree with the respondents in their contention that the claim should have been made by Smart individually and by Bascom, the attorney employed, instead of by the Taxpayers' League. Notwithstanding Smart appeared as an individual complainant before the governor, nevertheless, if he were acting in behalf of the Taxpayers' League, and if counsel were employed by that league, the league was liable for the expenses of both complainant and counsel; and I am unable to see why the league is not fairly entitled to reimbursement for any expenses incurred within the provisions of the act as well as would be the complainant himself or his counsel, had they been acting independently, and not under the employment of the league. That the league is not incorporated cannot affect the question. A number of citizens have the right to join together for such a purpose with the same standing as would have a single individual, and the purpose of such an organization is laudable as well as legal. We find no cause in the record for the criticism of the relator contained in the respondents' brief.

We are thus brought to the consideration of the ground upon which this writ was dismissed by the special term. If it were necessary to have authority to act from the attorney general in order to make valid this claim, the communication from the attorney general of June 7th, found in the record, would seem to constitute such authority for incurring at least part of the expenses for which this claim is made. But we are unable to find any sufficient reason for giving to the statute the restricted interpretation adopted

by the learned trial judge. The provision cited is a substantial re-enactment of chapter 323 of the Laws of 1874. The history of that law is set forth in the opinion of Justice Barnard in the case of People v. Board of Sup'rs of Queens Co., supra. It appears that at that time there had been an unsuccessful charge of malfeasance against the sheriff of Queens county. The district attorney had employed counsel to prosecute. The matter was referred, proof was taken, and the sheriff successfully defended. In that case an allowance was made by the legislature not only to the prosecuting attorney and to the referee, but also to the defendant, as compensation for his disbursements. In the same act it was provided that, in all proceedings thereafter before governors for the removal of county officers upon charges preferred against them, "the costs and expenses thereof, including those of taking and printing the testimony therein, shall be a county charge upon such county." This legislation was re-enacted in the Laws of 1892, with the amendment providing that "the reasonable costs and expenses" in such a proceeding should be a charge against the county. This legislation, in view of the allowance made in the very enactment in which it is first found, would seem to me to negative the rule of law as held by the learned trial judge. Without legislation, I know of no rule of law which would make the state liable for counsel employed by the district attorney to prosecute such charges, nor for the expenses and disbursements incurred by the officer charged in his defense. A private citizen clearly had the right to make and prosecute charges before the governor. The statute does not limit the right to reimbursement to counsel employed by the governor or employed by the attorney general. For the court to add to the statute a restriction not included by the legislature would be unwarranted judicial legislation.

Nor does the fact that the county might be subjected to numerous bills of expenses warrant the court in placing in the statute a limitation which the legislature has omitted. It is probable that the court would interpret the reasonable costs and expenses of a proceeding before the governor as such costs as are incurred in a proceeding instituted upon reasonable grounds. With that interpretation there could be no fear of an excessive liability to the county, and the same policy of the law which protects a prosecutor of crime where there is probable cause to believe in the commission of the crime might be urged to encourage one making charges against a public officer where there is probable cause for belief in his guilt. That there was probable cause in the case at bar would seem to be indicated, at least prima facie, by the resignation of the sheriff, and by his conviction upon the same charges which were presented to the governor by the relator.

We are therefore of opinion that for such expenses and disbursements as were reasonably made by the relator in the prosecution before the governor after the filing of the charges the relator is entitled to reimbursement. As to what those expenses and disbursements were, the respondents must in the first instance determine, subject to review by the writ of certiorari in case error is claimed

to have been made in such determination. In the return to the alternative writ a legal audit is claimed to have been made, and upon that audit the relator's claim rejected. That issue the defendants are entitled to try, and for such purpose a new trial should be granted.

Order appealed from reversed, and new trial of the issues upon the alternative writ and the return granted, with costs to the appellant to abide event. All concur.