GIEGERICH, J.   On this application for a reargument the same question is presented as in Re Secured Holdings Corporation, 151 N. Y. Supp. 422, herewith decided, respecting the right of an attorney who has been suspended from practice to continue to individually prosecute an action he has brought and in which he appeared in person.   This motion, like the other, is brought to strike from the docket of the county clerk the notice of pendency of the action.

The question of the plaintiff's right to file a lis pendens is not the same, however, in this case as in the other.   In this case, the motion to cancel is made by the defendant.   The action is brought to procure a judgment decreeing that the defendant holds a certain mortgage as trustee for the plaintiff, and directing the defendant to turn the mortgage over to the plaintiff, and enjoining the defendant from otherwise disposing of the mortgage, and for the appointment of a receiver of the mortgage and of the mortgaged premises.   I am unable to see how the judgment sought affects the title to or the possession or use or enjoyment of real property.   The question relates to the beneficial ownership of the mortgage on the real property, but it makes no difference to the owner of that property who is the owner of the mortgage.   It is true that the prayer for relief does ask for the appointment of a receiver of the premises, but there is no allegation in the complaint that the mortgage is overdue, or that there has been any default on the part of the mortgagor, or any other allegation to justify a prayer for the appointment of a receiver of the premises.

The motion, in so far as it seeks for a cancellation of the lis pendens, should therefore be granted.   The other branches of the motion, which seek to strike out the amended complaint and for judgment on the original complaint, I deny.

Motion granted as indicated, with $10 costs.   Settle order on notice.

---

(88 Misc. Rep. 634)

### SCHENECTADY ILLUMINATING CO. v. BOARD OF SUP'RS OF SCHENECTADY COUNTY.

(Supreme Court, Special Term, Schenectady County.   December 26, 1914.)

1. COUNTIES (§ 122*)—CONTRACTS—DEFENSES—INTEREST OF SUPERVISOR.
    Where the secretary and treasurer of an electric light company, serving without pay, was a member of the board of supervisors, that the company was by other members of the board required as a public service corporation to furnish the county with electric current did not make the secretary and treasurer guilty of the offense denounced by Penal Law (Consol. Laws, c. 40) § 1868, inhibiting any public officer, authorized to make a contract in his official capacity, from becoming interested individually in such contract.
    [Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 82, 136, 181, 182; Dec. Dig. § 122.*]

2. COUNTIES (§ 122*)—CONTRACTS—VALIDITY.
    Where a public service corporation was, under Transportation Corporations Law (Consol. Laws, c. 63) § 62, required in its public capacity to furnish electric current to a county, the county could not defeat the corporation's right to compensation because a member of the county board of supervisors was secretary and treasurer of the corporation; the trans-

action not being a contract in which a public officer became individually interested.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 82, 136, 181, 182; Dec. Dig. § 122.*]

3. MANDAMUS (§ 101*)—REMEDY—SCOPE OF.

Where the board of supervisors of a county rejected a claim on the ground that it was not liable, its action could be reviewed by mandamus, as well as certiorari.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 211–216; Dec. Dig. § 101.*]

Application by the Schenectady Illuminating Company for a writ of mandamus against the Board of Supervisors of the County of Schenectady, in which John H. Collins intervened. Writ issued.

Naylon & Robinson, of Schenectady, for appellant.

Arthur S. Golden, of Schenectady, for defendant.

Toohey & Lawson, of Schuylerville, for intervener.

BORST, J. The Schenectady Illuminating Company, a transportation corporation, as relator, applies for a writ of mandamus to compel the board of supervisors of Schenectady county to reconvene, reconsider their action taken upon a claim of the relator, and reaudit the same; they having theretofore rejected said claim on the ground that the same was not a legal charge against said county.

In July, 1914, the board of supervisors, through its committee on charities and the superintendent of the poor and keeper of the almshouse of Schenectady county, served upon the illuminating company a demand, in writing, that the illuminating company supply electric current to the county almshouse in accordance with the provisions of section 62 of the Transportation Corporations Law, and that in case of its failure to furnish such electric current, they would seek to enforce the provisions of the section referred to and the payment of the penalties therein provided. Thereafter the illuminating company complied with such demand, furnished the county of Schenectady electric current at its regular rates, and for which it presented a duly verified bill, which the county auditor disallowed, as did also the board of supervisors, for the alleged reason that the sale of said electric current was made to the county of Schenectady by a corporation, an officer of which was and is now a member of the board of supervisors. No question is made but that the electric current was furnished as claimed by the relator in its bill, nor is it claimed but that the bill was just and fair in its amount.

[1] It appears: That James O. Carr was a member of the board of supervisors at the time the demand was made on the relator, illuminating company, for the electric current, and still is such supervisor. That he was at said times and still is secretary and treasurer of the relator, and also is in the employment of the General Electric Company, which owns and controls the stock of the relator, and that the directors of the illuminating company are connected with the General Electric Company in various capacities, each holding conditionally, including Mr. Carr, one share of the relator's stock for the purpose of qualifying

each of said directors to be a director of the relator; said Carr being in no other respect a stockholder in the relator company, and receiving no salary, commission, nor remuneration of any kind from the relator for services which he renders to the relator as such secretary and treasurer or as a director. The petitioner is the only company or corporation engaged in the sale of electric current in the city of Schenectady for use in operating motors in buildings such as the county almshouse.

Section 1868 of the Penal Law of the state provides in substance that a public officer, authorized to make any contract in his official capacity, who voluntarily becomes interested individually in such contract, directly or indirectly, is guilty of a misdemeanor. It is the policy of the law that an agent invested with authority to use discretion in the exercise of powers conferred upon him shall use such discretion in good faith for the benefit of his principal, and when such agent is an official of a municipal or other corporation he may not under any circumstances use his official position for his own benefit, or for the benefit of any one except the corporation, and may not represent the corporation in any transaction in which he is personally interested in obtaining an advantage at its expense. A municipal corporation is entitled to the unbiased judgment of its officers, and hence the law desires to secure to such corporation services of officers who have no such self-interest as will permit them to prefer their own advantage to that of the corporation. But these rules, as well as the section of the Penal Law referred to, are to be reasonably construed, and are not to be applied irrespective of circumstances and conditions.

In the case at bar it does not appear and it is not claimed that Mr. Carr was a party individually or concerned as supervisor in making the demand upon the relator to furnish the electric current. Such demand was made by Stewart Wessels, chairman of the committee on charities, and Charles H. Lambert, superintendent of the poor and keeper of the almshouse of the county of Schenectady. It does not appear that Mr. Carr had any knowledge that the illuminating company was furnishing any electric current to the county, nor does it appear that he participated in the audit of its bill or even knew of it. Hence he cannot be charged with any violation of the section of the penal law referred to. He certainly did not individually "voluntarily become interested" in any contract between the illuminating company and the county.

[2] Under section 62 of the Transportation Corporations Law, the illuminating company was required to supply the county with electric current on demand or forfeit to the county $10, and the further sum of $5 for every day thereafter during which such refusal or neglect should continue. Under the operation of this law, the illuminating company was not a free agent, with power to refuse to supply the electric current, and it became its duty upon the demand made upon it to furnish electric current to the county, irrespective of the status of Mr. Carr. The duty to furnish the electric current to the county devolved upon the illuminating company, not by virtue of any contract, but by operation of law, and therefore the laws governing ordinary contracts resting in the volition of the parties to them have no application. Where the law affixes a penalty for the nonperformance of an act, its perform-

ance should not be adjudged illegal, or subject the party performing to the implication of having violated a duty.

The provisions of law enacted to protect a municipal corporation against the greed of officials are not intended to and may not be used as a medium by which such corporation can take the property of others without their consent under the forms of law, and then refuse to pay therefor what such property is reasonably worth, because officers of such municipal corporation are interested in the property taken. Equity and justice alike require the county to pay the reasonable value of the electric current used, which it is conceded is the amount of the bill presented by the company, and which the board of supervisors refused to allow. The county has enjoyed the property of the company, and this independent of the volition of the company or its officers—enjoyed it under a claim of legal right, and under the same right they should pay the value of the current used.

[3] Counsel for the county urges that the relator has sought redress through the wrong proceeding; that application, if made at all, to review the action of the board of supervisors in rejecting relator's claim, should have been for a writ of certiorari, instead of mandamus. The rejection of a claim by the board of supervisors of a county, on the ground that the county is not liable therefor, may be reviewed by mandamus, as well as by certiorari. People v. Board of Supervisors, 66 App. Div. 66, 72 N. Y. Supp. 568.

The writ will therefore issue, as prayed for by the relator. A proposed order may be submitted accordingly.