(93 Misc. Rep. 264)

GAVIN v. BOARD OF SUP'RS OF RENSSELAER COUNTY et al.

(Supreme Court, Trial Term, Rensselaer County.  January, 1916.)

1. COUNTIES ☞204(1)—ILLEGAL CHARGE—AUDIT.
Any attempt made by a board of supervisors to audit or allow an illegal charge against the county is void.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 312, 318–321; Dec. Dig. ☞204(1).]

2. COUNTIES ☞133—PROCEEDINGS TO REMOVE OFFICER—COSTS AND EXPENSES—CHARGES AGAINST COUNTY.
Under the express provisions of County Law (Consol. Laws, c. 11; Laws 1909, c. 16) § 240, subd. 16, the reasonable costs and expenses incurred by a sheriff in successfully defending charges in a proceeding brought for his removal are legal county charges, which the board of supervisors may properly audit and allow.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 200, 201; Dec. Dig. ☞133.]

Action by James F. Gavin, a taxpayer of the county of Rensselaer, against the Board of Supervisors of Rensselaer County and others. Complaint dismissed.

Thomas F. Galvin, of Troy, Egburt E. Woodbury, Atty. Gen., and Edward A. Gifford, Deputy Atty. Gen., for plaintiff.

Frank E. McDuffee, of Troy, for defendants.

CHESTER, J.  This is a taxpayer's action, in which it is sought to have it declared that the act of the board of supervisors of Rensselaer county in auditing and allowing the claim of Henry W. Snell against such county for moneys expended by him in the defense of charges made to the Governor against him as sheriff of such county in a proceeding for his removal from such office was illegal and void. The purpose of the action is to recover the moneys which it is claimed were illegally paid to him by the county treasurer pursuant to such audit.

In November, 1914, the defendant Snell presented to the board of supervisors of that county a bill for moneys expended by him in making his successful defense in such proceeding, being for the services, costs, and disbursements for his attorneys, and for an engineer for his services in making surveys and attending before the commissioner to whom the proceeding was referred and testifying as a witness, amounting all told to $3,546.91. The board of supervisors audited such claim at the full amount and ordered it paid. Thereafter the treasurer of the county delivered his warrant to said Snell for the amount of such claim and it was paid.

The County Law (Laws 1909, c. 16) provides in subdivision 16 of section 240 that:

"The reasonable costs and expenses in proceedings before the Governor for the removal of any county officer upon charges preferred against him, including the taking and printing of the testimony therein" are county charges.

It was stipulated on the trial that this provision of the County Law is not in violation of the Constitution of the state, so that the ques-

tion of the constitutionality of the law is removed from consideration upon this trial. Nor is the question of the reasonableness of the amount of the bill for costs and expenses in the proceeding before the Governor for his removal before the court for its consideration, for that question was one purely for the board of supervisors to determine when it made its audit. People ex rel. Benedict v. Supervisors of Oneida Co., 24 Hun, 413. The only question, therefore, left to be determined is as to the *legality* of the claim.

[1] No one will question the soundness of the proposition, urged by the plaintiff, that a board of supervisors has no power to audit or allow an illegal charge against the county and any attempt to make such an audit is void. The authorities are numerous to that effect and need not be referred to.

[2] It has been held in this department, as well as in the Fourth department, that the reasonable costs and expenses of *prosecuting* a public officer before the Governor in an effort for his removal from office are, under the provisions of law referred to, legal county charges and that a board of supervisors may properly audit and allow their payment. People ex rel. Smart v. Board of Supervisors, 66 App. Div. 66, 72 N. Y. Supp. 568; People ex rel. Nash v. Board of Supervisors, 164 App. Div. 89, 149 N. Y. Supp. 572.

The case here submitted for determination presents the question as to whether the reasonable costs and expenses for *defending* such charges are legal. The provision of law referred to is a substantial re-enactment of a portion of chapter 323 of the Laws of 1874, page 388. The history of the last-mentioned law is set forth in the opinion of Justice Barnard in the case of People ex rel. Benner v. Supervisors of Queens County, 39 Hun, 442. It there appears that there had been an unsuccessful charge of malfeasance against the sheriff of Clinton county. The district attorney had employed counsel to prosecute. The matter was referred by the Governor, proof was taken, and the sheriff successfully defended himself. Chapter 323 of the Laws of 1874, which was the annual supply bill of that year, shows that an allowance was made by the Legislature, not only to the prosecuting attorney and to the referee, but also that the state made an appropriation to the sheriff of Clinton county to pay for the disbursements incurred by him in successfully defending against the charges preferred against him to the Governor, and then in the next paragraph the law provided (page 388) that:

"Hereafter in all proceedings before the Governor for the removal of any county officer upon charges preferred against him, all the costs and expenses thereof, including those of taking and printing the testimony therein, shall be a county charge upon such county."

As stated by Judge Barnard in People ex rel. Benner v. Supervisors of Queens County, supra, with respect to this law:

"The intent * * * is manifest from the appropriation which immediately precedes it."

The only substantial change in the re-enacted law from the law of 1874 is that, instead of providing for "all the costs and expenses"

of the proceeding, the new law provides for the "reasonable costs and expenses." I think it clear, therefore, that the Legislature intended by the language employed in subdivision 16 to provide for the reasonable costs and expenses in *defending* as well as in prosecuting the charges. The defense is a part of the proceeding, as well as the prosecution, and the law provides that the reasonable costs and expenses in proceedings before the Governor for removal of county officers shall be county charges. It does not say in proceedings for prosecuting before the Governor, nor does it say in proceedings for defending before the Governor, but it says in "proceedings before the Governor," which is broad enough language to cover the costs and expenses of both sides. If the Legislature had intended to limit its meaning, as claimed by the plaintiff on this trial, it would have been easy to have said the reasonable costs and expenses of the *prosecution* in proceedings before the Governor. The section cannot have the limited meaning contended for by the plaintiff, except by the insertion of those words in the law, and the court is not called upon, and it would be an act of judicial impropriety to assume, to amend the act by inserting such words therein, in order to make the audit by the board of supervisors in this action an illegal audit.

I think, therefore, the board of supervisors were clearly within the law when they allowed and audited the claim for costs and expenses incurred by the defendant Snell in the proceeding before the Governor for his removal from the office of sheriff.

The plaintiff cites Matter of Chapman v. City of New York, 168 N. Y. 80, 61 N. E. 108, 56 L. R. A. 846, 85 Am. St. Rep. 661, in support of his contention, but that case has reference only to the constitutionality of a somewhat analogous statute (Laws 1899, c. 700), and it has no application here because of the stipulation referred to that subdivision 16 of section 240 of the County Law, under which the audit in question was made, is a constitutional enactment.

The complaint is therefore dismissed, with one bill of costs to the defendants. Judgment accordingly.